IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSAL AMERICAN CORP., :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>PARTNERS HEALTHCARE SOLUTIONS :<br>HOLDINGS, L.P., GTCR GOLDER RAUNER :<br>II, L.L.C., GTCR PARTNERS IX, L.P., GTCR :<br>FUND IX/A, L.P., GTCR FUND IX/B, L.P., :<br>GTCR CO-INVEST III, L.P., DAVID KATZ, :<br>GREGORY SCOTT, JEROME VACCARO, :<br>and JOHN MCDONOUGH, :<br>:<br>Defendants. :| Civil Action No. 13-1741-RGA |

MEMORANDUM ORDER

Plaintiff, Universal American Corporation ("Universal"), brought a 15-count Amended Complaint against the above-captioned Defendants for causes of action arising out of a merger between Universal and Partners Healthcare Solutions, Inc. ("APS").[1] (D.I. 39). As part of the consideration exchanged for the merger agreement, Universal paid Defendants 6.5 million shares of Universal stock. (D.I. 63 at 2). Count XIV of the Amended Complaint is for Unjust Enrichment and Constructive Trust. (D.I. 39 at 101, ¶¶ 257–62). It alleges that "Defendants obtained Universal shares through fraudulent and deceptive acts," and ultimately requests that the Court "impose a constructive trust in favor of Universal on the Universal shares obtained by each of the Defendants, and upon all proceeds derived therefrom, including dividend payments received by the Defendants as owners or beneficial owners of Universal shares." (*Id.*).

---

[1] This Court dismissed Counts I–VI and VIII of Universal's initial nine-count Complaint with leave to amend. (D.I. 36 at 13). The Court did not dismiss Count IX, Universal's Unjust Enrichment claim. (*Id.*).

1

On October 8, 2015, Universal announced that a $0.75-per-share dividend would be paid to all shareholders on October 26, 2015. (D.I. 63 at 2). Pursuant to Federal Rule of Civil Procedure 67, Universal moves for leave of court to deposit these dividend payments, owed to Defendants as shareholders, into the court registry instead of paying them to Defendants. (D.I. 63). The motion is fully briefed. (D.I. 63, 66, 68).

Universal's two principal arguments are that 1) ownership of the Universal shares is directly in dispute due to its request for a constructive trust, and 2) depositing the dividends in the court registry will ensure Universal's ability to obtain financial recourse should it ultimately prevail in this matter. (D.I. 63 at 4–7).

Rule 67 provides, in relevant part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

FED. R. CIV. P. 67(a). "The issue of whether to allow a Rule 67 deposit lies within the discretion of the Court." *Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d 639, 641 (D. Del. 2010). "Rule 67 is most commonly applied in cases of interpleader, where the moving party holds funds to be disbursed to two or more parties disputing ownership." *ArcelorMittal Cleveland, Inc. v. Jewell Coke Co., L.P.*, 2010 WL 5158869, at *2 (N.D. Ohio 2010). The advisory committee notes to the 1983 amendments to the rule make clear, however, that the scope of the rule is broader than just interpleader. The rule can be used by a party already part of litigation in an effort "to be relieved of responsibility for a sum or thing, but [to] continue to claim an interest in all or part of it." FED. R. CIV. P. 67, 1983 advisory committee note.

"The purpose of a deposit in court is to relieve the depositor of responsibility for a fund in dispute, while the parties litigate their difference with respect to the fund." *Progressive*, 680 F. Supp. 2d at 641 (internal quotation marks omitted). "Rule 67 should not be used as a means to alter the contractual relationships and legal duties of the parties . . . ." *Id.* Moreover, "Rule 67 is not intended to allow a party to deposit monies into the court to avoid a breach of contract or create a fund to secure the satisfaction of a prospective judgment." *ArcelorMittal Cleveland*, 2010 WL 5158869, at *1. As one district court explained:

> [R]ather than using the Rule to seek relief from the burden of holding money subject to dispute, the Plaintiff invokes this Rule to create a fund to secure payment of a prospective judgment. . . . If Rule 67 applied as Plaintiffs wish it to, then any party seeking relief in a contract dispute could simply deposit disputed funds into the Court, thereby depriving the opponent of access to the funds. The Court finds this sort of financial hostage taking is not the intended purpose of Rule 67.

*Id.* at *2 (citations omitted); *see also Berry v. Chase Home Finance LLC*, 2010 WL 582550, at *2 (S.D. Tex. 2010) ("[A]llowing Plaintiff to deposit payments he indisputably owes Defendant into the registry of the Court would unfairly deprive Defendant of the use of its money pending the final determination of this action. This is not Rule 67's intended purpose.").

Here, it does not seem to me that Rule 67, even viewed in light of the 1983 amendments, was intended to extend to the present type of circumstances. First, it is clear that Universal's main objective in seeking these deposits is to create a fund to secure financial recovery should it ultimately succeed on the merits in this litigation. (*See, e.g.*, D.I. 63 at 3 (arguing that, without Rule 67 deposit, Universal will be "at risk of being unable to recover any dividends improperly paid upon the ultimate resolution of this action.")). Second, ownership of the Universal shares is not the issue truly "in dispute" in the present action. Twelve of the fifteen counts of Universal's Amended Complaint allege some form of either common law fraud or securities fraud in the context of the entire merger agreement. (D.I. 39 at 87–100). Universal argues that ownership of

3

these shares is "in dispute," because it included one count in a 15-count complaint seeking a constructive trust on shares exchanged as part of the consideration for the merger agreement. (D.I. 63 at 4). Despite Universal's effort to bootstrap its request for equitable relief to create a "dispute" over ownership of the Universal shares, ownership of the shares is ultimately not in dispute.[2] Defendants will continue to be the rightful owners of the shares in question unless the Court eventually decides to exercise its equitable discretion to require them to disgorge their shares.[3] Third, and perhaps most importantly, Universal is essentially asking the Court to alter the legal relationship between it and its shareholders. Allowing a party to use Rule 67 to exempt itself from a present legal obligation to distribute dividends equally to common classes of shareholders would extend the rule far beyond its intended purposes. Accordingly, I will exercise my discretion in this matter against allowing Universal to deposit these dividend payments into the court registry.

For the reasons stated herein, Universal's Motion for Leave of Court to Deposit Dividend Payments into the Court Registry (D.I. 63) is **DENIED**.

It is SO ORDERED this 28 day of December, 2015.

*Richard G. Andrews*
United States District Judge

---

[2] For this reason, Universal's reliance on this Court's discretionary decision in *Penn Mut. Life Ins. Co. v. Norma Espinosa 2007-1 Ins. Trust*, 70 F. Supp. 3d 628 (D. Del. 2014), is unpersuasive. In *Penn Mutual*, the plaintiff sought to deposit the amount it contractually owed the defendant under a life insurance policy, the validity of which was the issue in the underlying litigation. *See id.* at 631–32. Here, Defendants are currently shareholders of Universal stock and Universal's obligation to distribute dividends to Defendants flows entirely from the parties' corporation-shareholder relationship, and is unrelated to the underlying dispute stemming from the merger. Universal's request for a constructive trust does not transform the nature of the underlying dispute surrounding the merger.

[3] A possibility that, at this early stage of the litigation, is speculative at best.

4