IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSAL AMERICAN CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-1741-RGA |
| | ) |
| PARTNERS HEALTHCARE SOLUTIONS HOLDINGS, L.P., GTCR GOLDER RAUNER II, L.L.C., GTCR PARTNERS IX, L.P., GTCR FUND IX/A, L.P., GTCR FUND IX/B, L.P., GTCR CO-INVEST III, L.P., DAVID KATZ, GREGORY SCOTT, JEROME VACCARO and JOHN McDONOUGH, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## [PROPOSED] SCHEDULING ORDER

This 13 day of June, 2016, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties,[1] the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before March

---

[1] For purposes of this document, the parties refer to Universal American Corp. as one party and the defendants, collectively, as a second party.

30, 2017, unless the moving party demonstrates good cause for filing a motion to join other parties or amend or supplement pleadings after that date.

3. Discovery.

(a) Discovery Cut Off. All fact discovery, including third-party discovery, in this case shall be initiated so that it will be completed on or before May 30, 2017. If notwithstanding the parties' best efforts, third-party depositions of APS customers cannot be completed prior to May 30, 2017, up to two such depositions may be taken on or before June 6, 2017.

(b) Document Production. The parties' document productions in response to the previously served document requests shall be made on a rolling basis and shall be substantially complete by November 16, 2016. This does not preclude the parties from serving additional requests for productions to be made prior to the May 30, 2017 discovery cut off.

(c) Privilege Logs. The parties shall simultaneously exchange privilege logs for their respective document productions on December 30, 2016.

(d) Requests for Admission. A maximum of 80 requests for admission, including subparts but excluding requests for admission as to the authenticity of documents, are permitted for each side. There shall be no limit as the number of requests for admission as to the authenticity of documents.

(e) Interrogatories. A maximum of 50 interrogatories, including subparts and contention interrogatories, are permitted for each side. For the avoidance of doubt, this limitation does not include interrogatories previously served in *Vaccaro v. APS*

*Healthcare Bethesda, Inc., et al.*, C.A. No. 9367-VCG, which was filed in the Delaware Court of Chancery.

    (f)    Depositions.

        (i)    Limitation on Hours for Deposition Discovery. Each side is limited to a total 240 hours of taking testimony by deposition upon oral examination, excluding expert testimony.

        (ii)    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    (g)    Disclosure of Expert Testimony.

        (i)    Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosures of expert testimony are due on or before June 30, 2017.

        (ii)    Responsive disclosures of expert testimony to contradict or rebut previous evidence on the same matter identified by

          another party under Section 3(g)(i) above are due on or before August 4, 2017.

(iii)    Rebuttal disclosures to contradict or rebut previous evidence on the same matter identified by another party under Section 3(g)(ii) above are due on or before September 1, 2017.

(iv)    No other expert reports will be permitted without either the consent of all parties or leave of the Court.

(v)    Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Any expert depositions shall be taken no later than September 29, 2017.

(vi)    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. All *Daubert* motions shall be subject to the page limitations set forth in paragraph 7, below.

(h)    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a hearing. Unless otherwise ordered,

by no later than forty-eight hours prior to the hearing, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the hearing, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

   (i)  If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

  4.  <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an

5

>opportunity to appear and be heard on
>whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>Case Dispositive and *Daubert* Motions</u>. All of a party's case dispositive or *Daubert* motions shall be briefed together. The opening brief, and affidavits, if any, in support of any such motions shall be served and filed on or before October 27, 2017. All briefs and affidavits, if any, in opposition to such motions shall be served and filed on or before November 30, 2017. The combined opening briefs in support of and the combined briefs in opposition to all case dispositive and *Daubert* motions shall be no more than 20 pages. All briefs and affidavits, if any, in reply on the motions shall be served and filed on or before December 15, 2017. The combined reply briefs on all case dispositive and *Daubert* motions shall be no more than 10 pages.

8. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9. <u>Pretrial Conference</u>. On March 2, 2018, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 8:30 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on February 27, 2018. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

10. <u>Proposed Findings of Fact</u>. On January 5, 2018, Plaintiff will serve its Proposed Findings of Fact on Defendants. On February 2, 2018, Defendants will serve their responses to Plaintiff's Proposed Findings of Fact, as well as any Counter-Proposed Findings of Fact. The parties shall confer and agree upon the appropriate number of proposed findings, provided that Defendants' Counter-Proposed Findings of Fact shall be proportionally fewer than Plaintiff's Proposed Findings of Fact. On February 23, 2018, Plaintiff will serve its responses to Defendants' Counter-Proposed Findings of Fact. Each Proposed Finding, Counter-Proposed Finding and response shall be set forth in a separately numbered sentence, with relevant citations. No later than 5 p.m. on February 27, 2018, the parties shall file their combined Proposed Findings, Counter-Proposed Findings, and responses thereto.

11. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine*

request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

12. Trial. This matter is scheduled for a five day trial beginning at 9:30 a.m. on March 12, 2018, with the subsequent trial days beginning at 9:30 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

13. ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

                                                                                                  *[signature]*
                                                                      UNITED STATES DISTRICT JUDGE